FILED
99 DEC 30 PM 4:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
DEC 30 1999

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | | |
|---|---|---|
| CAROL MORROW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NUMBER |
| | ) | |
| THE FRANKLIN LIFE INSURANCE | ) | 99-C-2490-W |
| COMPANY; JERRY D. ELMORE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

The plaintiff, Carol Morrow, has moved to remand this diversity case to the Circuit Court of Greene County, Alabama. Based on the conclusion that the non-diverse defendant, Jerry D. Elmore, was not fraudulently joined, the motion will be granted.

I

In the complaint, the plaintiff alleges that in 1985, she was fraudulently induced by the non-diverse defendant, Jerry D. Elmore, an agent of the diverse defendant Franklin Life Insurance Company, ("Franklin Life") to replace her existing life insurance policy with another policy which would include a retirement plan with death benefits. Relying on Jerry D. Elmore's representation of a "better deal," the plaintiff made the replacement, to her detriment. The plaintiff alleges that the true facts were not disclosed to or fraudulently concealed from her.



The replacement policy was delivered in 1985.

The plaintiff did not commence this action until 1999.

Franklin Life, a citizen of Illinois, timely removed the case from state court pursuant to 28 U.S.C. § 1332, alleging that Jerry D. Elmore was fraudulently joined as a defendant in order to defeat the jurisdiction of this court. The fraudulent joinder argument is based on Franklin Life's affirmative defense of statute of limitations.

Jerry D. Elmore is domiciled in Alabama.

## II

It is elementary that the federal courts are courts of limited jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S.Ct. 586(1938); *Seroyer v. Pfizer*, 991 F.Supp. 1309, 1312 (M.D. Ala. 1997). Because removal jurisdiction triggers federalism concerns, district courts are admonished to strictly construe the removal statutes. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941). Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *See* 28 U.S.C. § 1447(c). "All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to state court." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

Franklin Life, as the removing party, has the burden of proving federal jurisdiction. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). Although that burden is not onerous, it is nonetheless a heavy one. It reflects a strong public policy which

embraces the notion that the plaintiff has the right to choose his or her own forum; for "plaintiff is the master of his or her own claim." *Seroyer*, 991 F.Supp. at 1312 (citing 14A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE §3702(1969)).

There is no question but that unless Jerry E. Elmore was fraudulently joined as a defendant, this court lacks jurisdiction. This is so because complete diversity of citizenship is required, i.e., the plaintiff's citizenship must be diverse from each and every defendant. *Palmer v. Hospital Authority of Randolph County*, 22 f.3d 1559, 1564 (11th Cir. 1994). However, in determining the removability of an action filed in a state court, the citizenship of a non-diverse defendant who has been fraudulently joined may be disregarded. *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983).

To prove fraudulent joinder, it is Franklin Life's burden to establish either (1) that there is no possibility the plaintiff can prove a cause of action against the resident defendant, or (2) there has been outright fraud by the plaintiff in pleading the jurisdictional facts. *Coker*, at 1440. If there is a possibility that the complaint states a cause of action against the resident defendant, "the federal court must find that the joinder was proper and remand the case to the state court." *Id*. However, if the non-diverse defendant has "no real connection with the controversy" between the plaintiff and the diverse defendant, the diverse defendant's right of removal is not defeated. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996).

3

"Removability should be determined 'according to the plaintiff's pleading at the time of the petition for removal.'" *Id., citing Coker and Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

Under Alabama law, a claim of fraud, misrepresentation, or concealment is subject to a two-year statute of limitations. *See* ALA. CODE § 6-2-3. The statute begins to run when the plaintiff discovers, or, with reasonable diligence, should have discovered, the fraud. In determining the date by which a plaintiff should reasonably have discovered the fraud, a "reasonable reliance" standard applies. *Foremost Ins. Co, v. Parham*, 693 So.2d 409, 421 (Ala. 1997). The reasonable reliance standard "allows the factfinder greater flexibility" in determining reliance based on all of the circumstances, including without limitation, (1) the mental capacity, (2) educational background, (3) relative sophistication, and (4) bargaining power of the parties. *Id*.

The statute of limitations may be tolled by insanity, incompetency, and imprisonment. ALA. CODE § 6-2-8.

### III

Franklin Life does not contend that the plaintiff committed outright fraud. It does not deny that its agent, whose citizenship is the same as that of the plaintiff, has a real connection with the controversy at issue in this case. The only remaining question, therefore, is whether the plaintiff can possibly prove a cause of action against the non-diverse defendant.

Considering separately, under *Tapscott*, "the plaintiff's pleading at the time of removal," fraudulent joinder has not been established. For in the complaint, the plaintiff clearly and unambiguously articulates time-honored, legally cognizable fraud and suppression claims against the agent under Alabama law. Whether those claims are time-barred is a different question from that of whether the claims have been sufficiently stated in the complaint. This consideration should end the remand inquiry.

But even when Franklin Life's answer, defenses, and the jurisdictional discovery are factored into the mix, this judge is not persuaded that the claims against the non-diverse defendant are time-barred as a matter of law.

A crucial consideration is that substantial discovery has not been undertaken. Therefore, we do not know, for example, whether the plaintiff may assert a tolling defense to the statute of limitations. While we know when the plaintiff received the policy and the extent of her formal education, we do not know her business sophistication relative to that of the non-diverse defendant; and we do not know the relative bargaining power of the parties. In short, given the present state of the undeveloped record, we do not know the totality of the circumstances necessary to a *Foremost* determination of whether the plaintiff's reliance was reasonable.

This judge has considered the opinions of other district judges on the fraudulent joinder issue. With appropriate respect to all of them, this judge is persuaded by the opinions in *McDufie v. Franklin Life Ins. Co.* and *Williams v. Franklin Life Ins. Co.* (M.D.AL.CV

Nos. 99-T-1026-N and 99-T-1079-S) and adopts their reasoning. As in those cases, there is nothing here to support a finding that the plaintiff sought to join the non-diverse defendant with the specific intent of defeating diversity jurisdiction.

Conclusion

Since Franklin Life has failed to negate the possibility that the plaintiff can prove a cause of action against the non-diverse defendant, this case will be remanded to the state court from which it was removed.

DONE this ___30th___ day of December, 1999.

_____
UNITED STATES DISTRICT JUDGE
U. W. CLEMON